1  David A. Garcia CA Bar No. 218356
   david.garcia@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  Park Tower, Fifteenth Floor
   695 Town Center Drive
4  Costa Mesa, CA  92626
   Telephone:  714-800-7900
5  Facsimile:   714-754-1298

6  Attorneys for Plaintiff
   United Auto Credit Corporation
7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11 UNITED AUTO CREDIT                    Case No. 8:25-cv-65
   CORPORATION,
12                                       **COMPLAINT FOR DAMAGES AND**
              Plaintiff,                 **EQUITABLE RELIEF**
13
          v.                             **(REQUEST FOR JURY TRIAL)**
14
   JESSICA STEWART, an individual;       **1. MISAPPROPRIATION OF TRADE**
15 JULIAN HICKS, an individual;          **SECRETS**
   VEROS CREDIT LLC, a Nevada            **2. VIOLATION OF THE DEFEND**
16 corporation; and DOES 1-25,           **TRADE SECRETS ACT**
                                         **3. VIOLATION OF**
17            Defendants.                **COMPREHENSIVE DATA ACCESS**
                                         **AND FRAUD ACT AND**
18                                       **CALIFORNIA PENAL CODE § 502**
                                         **4. BREACH OF FIDUCIARY DUTY**
19                                       **5. BREACH OF DUTY OF LOYALTY**
                                         **6. UNFAIR BUSINESS PRACTICES**
20                                       **7. FRAUDULENT CONCEALMENT**
21
22                                       Complaint Filed:  January 14, 2025
                                         Trial Date:          None Set
23                                       District Judge:      Hon. TBD
                                         Magistrate Judge: Hon. TBD
24

25

26

27

28

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, Plaintiff UNITED AUTO CREDIT CORPORATION ("UACC" or Plaintiff) alleges as follows:

## JURISDICTION AND VENUE

1.      UACC is a corporation organized and existing under the laws of the State of California and has its principal place of business in Orange County, California.

2.      Defendant Jessica A. Stewart ("Stewart") is, and at all times herein mentioned was, an individual who maintains a primary place of residence in Huntington Beach, California. Jessica A. Stewart is a former employee of Plaintiff.

3.      Defendant Julian Hicks ("Hicks") is, and at all times herein mentioned was, an individual who maintains a primary place of residence in San Diego, California. Julian Hicks was previously employed by Plaintiff as an Area Manager from June 2022 to December 13, 2024.

4.      Defendant VEROS CREDIT, LLC ("Veros Credit") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 2333 N. Broadway, Ste 400, Santa Ana, California 92706.

5.      Plaintiff is ignorant of the true names and capacities of defendant sued herein as DOES 1 through 25, inclusive, and therefore sue those defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants DOE 1 through DOE 25 were agents, servants, and employees of Defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with the permission and consent of Defendants.

/ / /

/ / /

/ / /

**JURISDICTION AND VENUE**

7.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise from a federal question under the Defend Trade Secrets Act.

8.    The Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. § 1367 as each is related to the claim for which original federal question jurisdiction attaches, and each forms part of the same claim or controversy under Article III of the United States Constitution.

9.    Each defendant is subject to the personal jurisdiction of this Court because each individual defendant is a resident of the State of California and VEROS's principal place of business is in California.

10.    Venue is proper before this Court because all defendants reside in the state of California and at least one defendant resides in this District.

11.    Venue is also proper before this Court because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in this District.

**FACTUAL ALLEGATIONS**

12.    UACC provides complete non-prime automotive lender services to dealers and their customers across the United States since 1996.

13.    The business is performed by having UACC sales personnel develop and maintain confidential and trade secret information and access to key contacts to maintain relationships with automotive dealers throughout their respective territories. Dealer information and dealer and customer performance data are used to develop and manage UACC's proprietary lending programs, which are facilitated through its sales personnel and its proprietary software. By using customer data and metrics information, UACC can extend financing options to dealers' customers who may otherwise have difficulty qualifying for auto financing.

14.    UACC invests substantial time, money, and effort developing, compiling, and maintaining information regarding its dealers and customers.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

15.    UACC's success is attributable to the proprietary lending analysis programs and metrics, key dealer contacts, goodwill, relationships developed by UACC, repeat business of UACC's customers and dealers, and to UACC's compensation plans for its employees.

16.    In connection with its business, UACC has developed and/or acquired and maintained certain business information, including, but not limited to, dealer lists and documents containing individual contact information; information on pricing, costs, margins, purchase histories, sales, allowances, discounts, and pricing policies; marketing and product information; sales data; credit terms, policies, and information; lending information and lender systems; promotional programs; information on customer likes, preferences, dislikes, purchase patterns and dealer contract renewal information; financial information concerning UACC and its customers; internal wage and compensation plans and programs and rates for its employees; and UACC's business, sales and marketing strategies and plans ("confidential information").

17.    The confidential information gives UACC a competitive advantage not enjoyed by other persons not in possession of the confidential information.

18.    The confidential information is not generally known to, or readily ascertainable through proper means by individuals outside of UACC.

19.    UACC has invested considerable time, effort, and expense valued in excess of $75,000 in establishing and developing the confidential information, and in developing valuable and extensive trade, business, trade name, and goodwill among its customers and suppliers in developing contacts and business relationships with its dealers and suppliers.

20.    UACC used, and continues to use, reasonable and diligent efforts to maintain and protect the confidential information, including the use of employment agreements with confidentiality provisions, password protected computer systems and limited distribution policies so only employees within UACC who need the information to perform their job duties have access.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

21.    The confidential information constitutes a trade secret under California law and the DTSA.

22.    Defendant Jessica Stewart worked for UACC as a Division Manager of Sales & Marketing. She worked for UACC from March 14, 2022, to December 4, 2024.

23.    In her Divisional Manager position, Defendant Stewart was entrusted with sensitive information and the proprietary financial plans of UACC.

24.    Defendant Stewart acknowledged receipt, on May 15, 2023, of UACC's Employee Handbook which included its confidentiality policy applicable to Defendant Stewart. The confidentiality policy states, in pertinent part:

> "During the course of employment, an employee may become aware of confidential information about the Company's business, including but not limited to, information regarding Company finances, pricing, products, product development, software and computer programs, marketing strategies, strategic plans, suppliers, customers, potential customers, personnel ("Confidential Information"). Confidential Information also includes financial records; business, marketing, and strategic plans; personnel and payroll records regarding current and former employees; the identity of, contact information for, and any other account information on customers, vendors and suppliers; inventions, programs, trade secrets, formulas, techniques and processes; and any other documents or information regarding the Company's operations, procedures or practices. An employee also may become aware of similar confidential information belonging to the Company's customers, vendors, affiliates, suppliers, stockholders. It is extremely important that all such information remain confidential and particularly not be disclosed to our competitors. **Any employee who improperly copies, removes (whether physically or electronically), uses, or discloses confidential information to anyone outside of the Company, may be subject to disciplinary action up to and including termination**."

(UACC Confidential Company Information Policy [Boldface added].)

25.    On December 2, 2024, Defendant Stewart traveled, at UACC's expense, from California to Fort Worth, Texas and on December 3, 2024, attended an all-day strategic management sales meeting and a dinner meeting with UACC's President. The UACC Managers met to analyze and finalize, among other things, the "Current Plan Problems & Proposed Plan Responses," covering sales compensation plans being

/ / /

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

implemented by UACC to resolve key compensation issues. For example, the Plan document covered these items:

- Current Primary Plan Overview" and "Proposed Plan Overview" metrics, dollar amounts and percentages for variable income to be earned by sales personnel;
- Payment schedules and proposed changes to the amounts and financial metrics of the compensation plan for key sales personnel;
- "Plan Details" for new pay scales to the Area Managers;

26.     During the meeting on December 3, 2024, Defendant Stewart copied the "Current Plan Problems & Proposed Plan Responses" document and, without authorization, sent it to her private email account, at: jessica***@gmail.com [the complete email address has been redacted].

27.     Plaintiff also discovered that, in violation of policy and in complete disregard of UACC's property rights, Defendant Stewart had copied dozens of confidential business documents and, without authorization, on November 26, 2024, and on November 27, 2024, she forwarded them to her private email account (jessica****@gmail.com), including, without limitation:

- "1st Wave Tracking.xlsx" (which included the "Findings and Action Plan" and related notes for over one hundred dealers)
- "Market Penetration Strategy: CA Market"
- "2024 02 07_CA Market Initiative update_LBE edits (2).pptx"
- "CA Market Initiative"
- "CA Market Penetration Point Predictive Risk Team (1).xlsx"
- "Sun Belt Regional DM Meeting Q1 2024(1).docx"
- UACC-Standard Rate Sheet-California 0323.pdf

These documents contained confidential information, including, without limitation, valuable and confidential UACC dealer, customer, and potential customer / / /

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

information, marketing strategies, and pricing data representing hundreds of hours of UACC employee work time to prepare and to use solely for UACC business purposes.

28.    On or about December 3, 2024, Defendant Stewart forwarded another business document of proprietary UACC information, titled "JStew D Dealer Title Floats" to her private email account. That document contains, among other things, Dealer Names, Last Booked information, and notes on the current business projections of each dealer listed in the document.

29.    On December 4, 2024, Defendant Stewart abruptly left early from the in-person meetings in Fort Worth, Texas after she had obtained copies of sensitive UACC documents and flew home to California, and then resigned from UACC that same day.

30.    Based on information and belief, as soon as she resigned from UACC, Defendant Stewart was hired as the "VP of Sales for the Western Region at Veros Credit" to perform similar duties that she previously was performing for UACC.

31.    Based on information and belief, Defendant Stewart is misusing the sensitive business information of UACC for her own personal benefit: she is using the confidential information of UACC to enable her to form an internal and external sales team at Veros Credit, such as a "VP of Credit role" at Veros Credit. Based on information and belief, Defendant Stewart is misusing the sensitive business information that she took from UACC to benefit Defendant Veros Credit, including by using UACC's employee compensation plans and confidential information to advise Veros Credit on key compensation metrics being paid to UACC employees.

32.    On separate occasions, Plaintiff sent Defendant Stewart first a letter on December 17, 2024, and then correspondence on December 30, 2024, reminding her that specific law prevents her from misusing and misappropriating UACC's confidential information, and demanding that she immediately cease and desist all activities that violate UACC's property rights. UACC asked for specific cooperation from Defendant Stewart, such as her acknowledgement of her obligation to preserve evidence, the list of all UACC documents within her possession, her cooperation to

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

delete forensically all copies of UACC within her possession, but Defendant Stewart has not returned the UACC documents that she took, she has not signed the evidence preservation acknowledgement, and she has not reasonably cooperated.

33.   Defendant Julian Hicks also copied confidential business documents comprised of key contacts at dealers with whom UACC had established business relationships and, without authorization, on December 12, 2024, Defendant Hicks forwarded the UACC proprietary information that he had copied, the valuable dealer contact list, to his private email account (julian****@gmail.com [the complete email has been redacted]). Based on information and belief, Defendant Hicks became an employee of Veros Credit shortly after he had taken UACC's key dealer contact list.

34.   Plaintiff sent Defendant Julian Hicks an initial written request on December 18, 2024, and then correspondence on December 30, 2024, reminding him that specific law prevents him from misusing and misappropriating UACC's confidential information and demanding that he immediately cease and desist all activities that violate UACC's property rights. The correspondence asked for Defendant Hicks' cooperation to forensically purge and return the information of UACC within Hicks' possession. Plaintiff requested his acknowledgement that all UACC files would be returned and the related correspondence would be preserved for UACC inspection, but he did not cooperate.

35.   On or about December 17, 2024, Plaintiff sent Defendant Veros Credit a letter reminding it that it cannot benefit or profit from the misuse of UACC's Confidential Information and demanding that it cooperate in forensically purging and returning the information of UACC within its possession. Plaintiff did not receive a response to its December 17, 2024, letter.

36.   By usurping UACC's confidential information, Defendants, and those working in concert with them, have created an unlawful and unfair competitive advantage over UACC in that they are now privy to UACC's confidential and proprietary trade secret information pertaining to UACC's dealers, customers, costs,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

and compensation and marketing plans. Defendants' knowledge of the UACC's confidential and trade secret information creates a competitive disadvantage because Defendants are using UACC's proprietary information to unfairly compete and take business away from Plaintiff.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE DEFEND TRADE SECRETS ACT

### [18 U.S.C. § 1836 et seq.]

### (Against All Defendants)

37. Plaintiff hereby incorporates by reference and re-alleges paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38. The Defend Trade Secrets Act ("DTSA") forbids threatened and actual misappropriation of trade secrets "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1).

39. Plaintiff's trade secrets relate to financial lending services used or intended for use in interstate and foreign commerce.

40. In her position as a sales manager of Plaintiff, Defendant Stewart had access to valuable confidential business information of Plaintiff.

41. Upon information and belief, it is hereby alleged that Defendant Veros Credit was a co-conspirator with Defendant Stewart, and knew or should have known that Defendant intended to improperly and illegally misappropriate Plaintiff's trade secrets, in order to unjustly enrich themselves.

42. Upon information and belief, it is hereby further alleged that Defendant Veros Credit agreed with Defendant Stewart's actions and intended for Defendant Stewart to commit the illegal misappropriation of trade secrets and provide those trade secrets to Veros Credit.

43. Upon information and belief, it is hereby further alleged that Defendant Hicks agreed with Defendant Stewart's actions and intended for Defendant Stewart to

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

commit the misappropriation of confidential information of UACC for the benefit of Veros Credit. Without authorization from UACC, Defendant Hicks emailed to his personal account the list of the key contact information for dealers that engaged in prior business transactions with UACC, and then he went to work for Veros Credit days after he had taken such information.

44.    Plaintiff's confidential project financial metrics, profitability of customer deals, staffing costs, and contributions of key employees, is not generally available in the public domain.

45.    Plaintiff has spent significant money, time, and effort acquiring and developing its trade secrets, including those trade secrets that Plaintiff uses to secure new business from existing dealer customers.

46.    Plaintiff's trade secrets have both actual and future economic value arising from the significant market advantage they provide.

47.    Plaintiff has taken reasonable steps to protect the secrecy of its confidential information, including setting up passwords to restrict access to email communications, requiring employees to acknowledge confidentiality policies, establishing a confidentiality policy in the employee handbook, restricting levels of access to its trade secrets to limited employees, and expressly instructing the Defendants not to share customer lists and pricing information with anyone.

48.    The specific trade secrets misappropriated by Defendants include:

- Plaintiff's key dealer contact information, dealer performance and the nature of the deals that were being originated via Plaintiff's dealers and serviced by Plaintiff, including the names, addresses, phone numbers, and email addresses of key decision makers. *State Farm Mut. Automobile Ins. Co. v. Dempster*, 174 Cal. App. 2d 418 (1959) ("'[T]he names, addresses and telephone numbers of policyholders' are protectable trade secrets.")

/ / /

- The underlying costs, profit margins, performance, and pricing information, for key deals of Plaintiff's dealers being serviced exclusively by Plaintiff. *Whyte v. Schlage Lock Co*., 101 Cal. App. 4th 1443, 1452 (2002) (holding that "pricing," "profit margins," "pricing concessions" are protectable trade secrets).

- The impact on Plaintiff's project costs and pricing comprised of Plaintiff's employee's costs and incentive pay to key employees.

- Training materials for sales and credit personnel and sales strategies for Plaintiff's dealer network.

49. Based on information and belief, in or around December 3, 2024, and prior to abruptly ending her employment with Plaintiff, Defendant Stewart took Plaintiff's confidential trade secrets to create a new inside sales team at Defendant Veros Credit and expand its existing external sales team to compete with Plaintiff.

50. Defendants' conduct is in violation of the Defense Trade Secrets Act of 2016, adopted in 18 U.S.C. § 1839.

51. As a direct and proximate result of the actions of Defendants, Plaintiff has been injured and Defendants have been unjustly enriched.

52. Defendants' acquisition and subsequent use and disclosure of Plaintiff's trade secrets was a substantial factor in causing Plaintiff's injury and has resulted in Defendants' unjust enrichment.

53. Defendants' wrongful conduct in misappropriating Plaintiff's confidential information and trade secrets, unless and until enjoined and restrained by order of this Court, has and will cause great and irreparable injury to Plaintiff's business as Plaintiff faces the threat of losing substantial revenue, market share and advantage, and will continue to do so in the future if its valuable trade secrets are utilized or disclosed by Defendants, or any other third party.

54. Plaintiff is entitled to actual damages from Defendants, and each of them, and for attorneys' fees and costs.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT**

**[Cal. Civ. Code § 3426 et seq.]**

**(Against all Defendants)**

55.    UACC hereby incorporates by reference and re-alleges paragraphs 1 through 33 of this Complaint, as though fully set forth at this point.

56.    California Civil Code section 3425.1, subdivision (b) defines trade secret misappropriation as: "(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) Disclosure or use of a trade secret of another without express or implied consent by a person who: (A) Used improper means to acquire knowledge of the trade secret; or (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was: (i) Derived from or through a person who had utilized improper means to acquire it; (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limits its use; or (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limits its use; or (C) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake."

57.    At all times relevant to this Complaint, UACC is/was the rightful owner of its confidential information, including, but not limited to, its trade secrets.

58.    The confidential information has independent economic value in that, among other things: (a) UACC has invested time, effort, and money in developing these trade secrets; and (b) these trade secrets enable UACC to provide its dealer customers with services which are more effective, efficient, and financially attractive than its competitors. As a result, these trade secrets have economic value in that UACC was/is able to more effectively and efficiently serve its clients than competitors who do not have access to these trade secrets.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

59.    At all times relevant to this Complaint, UACC has made reasonable efforts to ensure that is trade secrets remained confidential, by not disclosing such information to the public or UACC's competitors, and by restricting the use of such information by UACC's employees.

60.    In her position with UACC, Defendant Stewart was permitted access to and utilized UACC's trade secrets in its effort to facilitate the delivery of UACC's services and to otherwise service the needs of UACC's current or prospective dealers and customers, subject to the confidentiality policy set forth in the Employee Handbook to which Defendant Stewart subscribed.

61.    Based on information and belief, Defendant Stewart misappropriated and wrongfully conveyed, transmitted, and used UACC's trade secrets and other confidential business information when she used that information to benefit herself and Veros Credit, and she has refused to return it. Defendants used the confidential information of UACC to solicit business for their own benefit from UACC's current and prospective dealers. Defendants used the Confidential Information developed by UACC, to unlawfully compete against UACC. Defendants' conduct constitutes a violation of the California Uniform Trade Secrets Act (Civ. Code §§ 3426, et seq.).

62.    Upon information and belief, it is hereby further alleged that Defendant Hicks agreed with Defendant Stewart's actions and intended for Defendant Stewart to commit the misappropriation of confidential information of UACC for the benefit of Veros Credit. Without authorization from UACC, Defendant Hicks emailed to his personal account the list of the key contact information for dealers that engaged in prior business transactions with UACC, and then he went to work for Veros Credit days after he had taken such information.

63.    **Civil Conspiracy with Defendant Veros Credit:** Plaintiff was harmed by Defendants' violation of its rights, as set forth above, because each was part of a conspiracy to commit such misconduct. Defendants each agreed to commit wrongful acts. Such an agreement is implied by the actions of Defendant Stewart to share

Plaintiff's business plans with Defendant Veros Credit, to use Plaintiff's trade secrets and valuable UACC information to solicit dealers of Plaintiff to join a competing venture to take business opportunities belonging to UACC based, in large part, on the misuse of Plaintiff's secret and valuable business information. Defendants and DOES Defendants agreed with each other to interfere and commit these unfair business practices.

64.    As a direct and proximate result of Defendants' actions, Plaintiff has been injured and Defendants have been unjustly enriched.

65.    Defendants, at all relevant times, were aware, or had reason to know, that the Confidential Information they were acquiring, using, and disclosing were trade secrets that had been acquired by improper means and were being improperly disclosed.

66.    As a proximate result of Defendants' conduct, UACC has been damaged in an amount according to proof at time of trial.

67.    Defendants' acquisition and subsequent disclosure of Plaintiff's Confidential Information and trade secrets was a substantial factor in causing Plaintiff's injury, and has resulted in Defendants' unjust enrichment.

68.    In engaging in the wrongful conduct described herein, Defendants have acted and continue to act in concert with one another in conduct that is willful, wanton, despicable, intentional, malicious, oppressive, and fraudulent, thus entitling UACC to punitive and exemplary damages against Defendants, and each of them, in an amount sufficient to punish each separately for such conduct pursuant to California Civil Code section 3426.3(c).

69.    Further, as a result of Defendants' conduct, UACC is further entitled to an award of reasonable attorneys' fees and costs pursuant to California Civil Code section 3426.4.

/ / /

/ / /

70.    Finally, UACC is also entitled to injunctive relief pursuant to California Civil Code section 3426.2, and requests that the Court issue a preliminary injunction, and permanent injunction that:

     a.    Prohibits Defendants, and each of them, and anyone working in concert with them, from using, disclosing, or transmitting UACC's sensitive, proprietary, or confidential information or trade secrets specifically identified above, including but not limited to UACC's dealer information;

     b.    Requires Defendants, and each of them, and anyone working in concert with them, to immediately account for and return to UACC all original documents, records, and materials containing or reflecting such information, and all copies thereof;

     c.    Prohibits Defendants, and each of them, and anyone working in concert with them, from selling any product or service based in whole or in part on any sensitive, confidential, or proprietary information or trade secret belong to UACC;

     d.    Requires Defendant and each of them, and anyone working in concert with them, to submit their computers and electronic devices to a computer forensic expert of UACC's choosing to ensure that UACC's trade secrets and confidential or proprietary data do not exist on those computers or devices;

     e.    Except and only to the extent otherwise required by Court order, prohibits Defendants, and each of them, and anyone working in concert with them, from destroying, altering, transmitting, or moving any documents, in whatever form, that may contain or reflect any of UACC's sensitive, proprietary, or confidential information or trade secrets; and

/ / /

14

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Case No. 8:25-cv-65

     f.   Prohibiting or requiring any and all other such acts as the Court deems appropriate for injunctive relief.

71.    Defendants' wrongful conduct in misappropriating Plaintiff's Confidential Information and trade secrets, unless and until enjoined and restrained by order of this Court, has and will cause great and irreparable injury to Plaintiff's business as Plaintiff faces the threat of losing substantial revenue, market share and advantage, and will continue to do so in the future if its valuable trade secrets are utilized or disclosed by Defendants, or any other third party.

72.    Alternatively, Plaintiff seeks an award of reasonable royalties under section Civil Code 3426.3, subdivision (b), if neither actual loss nor unjust enrichment are provable.

## THIRD CAUSE OF ACTION

### VIOLATION OF COMPREHENSIVE DATA ACCESS AND FRAUD ACT AND CALIFORNIA PENAL CODE § 502

### (Against Defendants Stewart and Hicks)

73.    Plaintiff incorporates by reference paragraphs 1 through 33 to this cause of action.

74.    On December 3, 2024, Defendant Stewart used her access to Plaintiff's computer system and she copied and forwarded to her private email account key business plans on UACC. The next day she abruptly resigned and went to work for Veros Credit. Based on information and belief, Defendants have misappropriated UACC's confidential and proprietary business plans and information, and are using it to unfairly compete against UACC.

75.    Without UACC's permission, Defendant Stewart knowingly accessed UACC's confidential information, which was stored on its computers and servers, copied and took this confidential information to Veros Credit, and utilized the stolen data to devise or execute a scheme to deceive and compete with UACC and to profit from UACC's confidential information.

76.     Upon information and belief, it is hereby further alleged that Defendant Hicks agreed with Defendant Stewart's actions and intended for Defendant Stewart to commit the misappropriation of confidential information of UACC for the benefit of Veros Credit. Without authorization from UACC, Defendant Hicks emailed to his personal account the list of the key contact information for dealers that engaged in prior business transactions with UACC, and then he went to work for Veros Credit days after he had taken such information.

77.     Defendants' conduct violates California Penal Code Section 502.

78.     As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1030(a)(2)(C), UACC has suffered and will continue to suffer financial loss well in excess of $5,000.00, including, but not limited to, reputational harm, as well as the expenditures that will be necessary to investigate, assess and remedy Defendant's violations of this statute.

79.     As a direct and proximate result of Defendant's violations of California Penal Code Section 502, UACC has suffered damages and loss and is entitled to compensatory damages, injunctive relief, and any other equitable relief and reasonable attorneys' fees allowable pursuant to Penal Code Section 502(e) (1) and (2).

## FOURTH CAUSE OF ACTION

### BREACH OF DUTY OF FIDUCIARY DUTY

### (Against Defendant Stewart)

80.     Plaintiff incorporates by reference paragraphs 1 through 33 to this cause of action.

81.     As a high-level manager, Defendant Stewart had discretionary authority to manage deal quotes and contracts for UACC. Defendant owed Plaintiff a duty of loyalty to act with the utmost good faith and in Plaintiff's best interests.

82.     California Labor Code section 2863 states: "An employee who has any business to transact in his own account, similar to that entrusted to him by his employer, shall always give the preference to the business of the employer."

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

83.     Prior to her departure, and while still a manager with access to key financial metrics and business plans of UACC, Defendant colluded to take UACC confidential information, customers, key personnel, and engaged in unlawful and inappropriate efforts to benefit and profit from UACC intellectual property.

84.     Upon information and belief, it is hereby alleged that contrary to her duty of loyalty owed to UACC, and without UACC's consent, Defendant misappropriated and misused UACC's confidential information and interfered with UACC's business plans.

85.     As a direct and proximate result of Defendants' breach of her duty of loyalty, UACC has been damaged.

## FIFTH CAUSE OF ACTION

### BREACH OF DUTY OF LOYALTY

### (Against Defendants Stewart and Hicks)

86.     Plaintiff incorporates by reference paragraphs 1 through 33 to this cause of action.

87.     As a high-level manager, Defendants Stewart and Hicks owed Plaintiff a duty of loyalty to act with the utmost good faith and in Plaintiff's best interests.

88.     California Labor Code section 2863 states: "An employee who has any business to transact in his own account, similar to that entrusted to him by his employer, shall always give the preference to the business of the employer."

89.     Upon information and belief, it is hereby further alleged that Defendant Hicks agreed with Defendant Stewart's actions and intended for Defendant Stewart to commit the misappropriation of confidential information of UACC for the benefit of Veros Credit. Without authorization from UACC, Defendant Hicks emailed to his personal account the list of the key contact information for dealers that engaged in prior business transactions with UACC, and then he went to work for Veros Credit days after he had taken such information.

/ / /

90.     Prior to her departure, and while still a manager with access to key financial metrics and business plans of UACC, Defendants colluded to take UACC confidential information, customers, key personnel, and engaged in unlawful and inappropriate efforts to benefit and profit from UACC intellectual property.

91.     Upon information and belief, it is hereby alleged that contrary to her duty of loyalty owed to UACC, and without UACC's consent, Defendant misappropriated and misused UACC's confidential information and interfered with UACC's business plans.

92.     As a direct and proximate result of Defendant's breach of her duty of loyalty, UACC has been damaged.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (Against All Defendants)

93.     Plaintiff incorporates by reference paragraphs 1 through 33 to this cause of action.

94.     Upon information and belief, it is hereby alleged that Defendants were co-conspirators with each other, and knew or should have known that each other intended to interfere with UACC's employee and dealer relationships in order to unjustly enrich themselves.  Upon information and belief, it is hereby further alleged that Defendants agreed with each other's actions and intended for each other to interfere with UACC's employees and dealers and direct those parties to do business with themselves for their own benefit. Upon information and belief, it is hereby further alleged that UACC agreed with each other's actions and intended to fraudulently and unfairly interfere with UACC's dealers and employees and direct those parties to do business with or work for Veros Credit, in direct competition with UACC.

95.     California Business and Professions Code § 17200 et seq. ("UCL") prohibits, among other things, unlawful, fraudulent, deceptive, and unfair business practices.

96.    Prior to Defendant Stewart's departure, and while she was still a high-level manager, Defendants colluded to take UACC's clients and engaged in unlawful and inappropriate efforts to divert UACC dealers and key personnel to Veros Credit.

97.    Upon information and belief, it is hereby further alleged that Defendant Hicks agreed with Defendant Stewart's actions and intended for Defendant Stewart to commit the misappropriation of confidential information of UACC for the benefit of Veros Credit. Without authorization from UACC, Defendant Hicks emailed to his personal account the list of the key contact information for dealers that engaged in prior business transactions with UACC, and then he went to work for Veros Credit days after he had taken such information.

98.    Upon information and belief, it is hereby alleged that contrary to Defendants Stewart's and Hicks' duty of loyalty owed to UACC, without UACC's consent, and while misusing its protected information, Defendants misused UACC's key business information, interfered with UACC's business and key employee relationships, and they used UACC's confidential information to  key personnel to leave their employment and go work for Veros Credit.

99.    As a direct and proximate result of Defendants' unfair business practices, UACC has been damaged.

**SEVENTH CAUSE OF ACTION**

**FRAUDULENT CONCEALMENT**

**(Against Defendant Stewart)**

100.    Plaintiff incorporates by reference paragraphs 1 through 33 to this cause of action.

101.    While she was employed by UACC, through December 2024, Defendant Stewart represented that she was attending the UACC December 3, 2024, business strategy meeting as a loyal manager of UACC and that she was interested in the business development and advancement of UACC. Through her actions and statements, Defendant Stewart represented that the confidential materials being

represented at the strategy meeting would be used only for UACC business purposes. Also, Defendant Stewart had represented to UACC that she would return all its property promptly when she left the employ of UACC, including all electronic information. Such statements are material statements and a misrepresentation.

102.   Surreptitiously, commencing on or about November 26, 2024, and continuing through December 3, 2024, while she attended UACC's in-person business strategy meeting, Defendant Stewart accessed and downloaded UACC confidential information and documents onto her personal email account. Notably, despite UACC's reasonable requests, Defendant Stewart has delayed to return the UACC confidential information and documents from her personal accounts. Instead, Defendant Stewart continues to have access to UACC's confidential business information and documents.

103.   Defendant Stewart's representations that she would not take UACC confidential information and documents, and that she would participate in and attend the December 3, 2024, strategy meeting in Fort Worth for the benefit of UACC, are material misrepresentations that Defendant Stewart made knowing that such representations were not true.

104.   Upon information and belief, Defendant Stewart intentionally concealed the fact that she was attending the December 3, 2024 strategy meeting to take UACC confidential information and documents and use information for her own personal benefit, with the intent to mislead UACC managers and induce UACC managers to act in reliance on her representations, so she could access the most up-to-date UACC confidential information available before she left on December 4, 2024, to work for a competitor, Veros Credit. Defendant Stewart's statements were made with the intent to induce UACC managers to act in reliance on them, with UACC managers justifiably relying on such statements.

105.   UACC relied on Defendant Stewart's misrepresentations to its detriment.

/ / /

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

106.    As   a   direct   and   proximate   result   of   Defendant   Stewart's misrepresentations and, based on information and belief, Defendant Stewart's use of UACC confidential information and documents and her continuous delay to allow a forensic inspection and for a forensic purging of UACC materials, Plaintiff has been harmed in an amount according to proof at trial.

107.    Defendant Stewart's wrongful conduct is a substantial factor causing UACC's damages and/or injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For   preliminary   and   permanent   orders   enjoining   Defendants   from possessing, using or disclosing any of Plaintiff's trade secrets and/or any confidential or proprietary information;

2.     For preliminary and permanent orders requiring Defendants to account for and return to Plaintiff any and all of Plaintiff's property, including its trade secrets and any confidential, and/or proprietary information belonging to Plaintiff;

3.     For   an   order   requiring   the   inspection   of   Defendants'   and   DOE Defendants' email, servers, hard drives, computer(s), mobile devises, PDAs, USB drives and other computer equipment, including any hosted storage space, by a forensic expert to ensure that Plaintiff's trade secrets and confidential information and/or proprietary data do not exist on such devices;

4.     For an award of compensatory, general and special damages in an amount according to proof;

5.     For   statutory   damages   as   appropriate;   or   restitution   as   appropriate, including disgorgement of profits unlawfully obtained by Defendants, and based on Defendants' unjust enrichment;

6.     Alternatively, Plaintiff seeks an award of reasonable royalties under section Civil Code 3426.3, subdivision (b), if neither actual loss nor unjust enrichment are provable;

7.     For   an   award   of   punitive   damages   in   an   amount   against   Defendants

Case No. 8:25-cv-65
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    sufficient to punish and make an example of Defendants;

2          8.    For reasonable attorney's fees;

3          9.    For prejudgment and post-judgment interest;

4          10.    For costs of suit incurred herein; and

5          11.    For such other and further relief as the Court may deem proper.

6

7    DATED: January 14, 2025          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

8

9

10               By: */s/ David A. Garcia*

11                  David A. Garcia
                    Attorneys for Plaintiff

12                  United Auto Credit Corporation

13   87309216.v1-OGLETREE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF