UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00065-RGK-ADS | Date | April 20, 2026 |
|---|---|---|---|
| Title | *United Auto Credit Corporation v. Jessica Stewart, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re:  Defendants' Motion for Attorneys' Fees and Non-Taxable Costs [203]

## I.     INTRODUCTION

On July 7, 2025, United Auto Credit Corporation ("Plaintiff") filed its First Amended Complaint ("FAC") against Jessica Stewart ("Stewart"), Julian Hicks ("Hicks"), and Veros Credit LLC ("Veros") (collectively, "Defendants"), alleging (1) violation of the Defend Trade Secrets Act ("DTSA") (18 U.S.C. § 1836 et seq.) against Defendants, (2) violation of the California Uniform Trade Secrets Act ("CUTSA") (Cal. Civ. Code § 3426 et seq.) against all Defendants, (3) breach of fiduciary duty against Stewart, (4) breach of duty of loyalty against Stewart and Hicks, (5) unfair business practices against all Defendants, and (6) fraudulent concealment against Stewart. (ECF No. 38.)

On February 19, 2026, the Court granted Defendants' Motion for Summary Judgment (hereinafter, the "MSJ Order") and rendered final judgment accordingly. (ECF Nos 195, 198.)

Presently before the Court is Defendants' Motion for Attorneys' Fees and Non-Taxable Costs. (ECF No. 203). For the following reasons, the Court **DENIES** Defendants' Motion.

## II.     FACTUAL BACKGROUND[1]

Plaintiff is a non-prime automotive lender that assigned letter grades to car dealerships to assess risk and pricing (also referred to as "dealer grades"). Plaintiff's former employees, Stewart and Hicks, left Plaintiff in December 2024 to join a competitor, Veros. Before resigning, Stewart forwarded a number of Plaintiff's documents to her personal email on November 26 and 27 and December 3, 2024, and Hicks forwarded a contact list and cellular shortcuts from his work email to his personal email on December 12, 2024. From December 17 to 18, 2024, Plaintiff sent cease-and-desist letters to Stewart, Hicks, and Veros regarding the forwarded documents and information. Approximately a month later,

---

[1] The facts referenced in this Order are incorporated from the MSJ Order and the parties' briefing on the present Motion.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00065-RGK-ADS | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *United Auto Credit Corporation v. Jessica Stewart, et al* | | | |

Plaintiff filed this action against Defendants, alleging trade secret infringement of thirty alleged trade secrets.

During litigation, Plaintiff's expert concluded that the dealer grade information was relevant for approximately three months due to updates to applications and deals. However, the dealer grade information Stewart forwarded to herself when she left Plaintiff was already over three months old at that time.

The Court dismissed the original complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.) The Court later held that summary judgment for Defendants was warranted, finding that Plaintiff failed to provide evidence that its alleged trade secrets had any independent economic value. (MSJ Order, ECF No. 195.)

### III.   JUDICIAL STANDARD

Federal law governs requests for attorneys' fees on federal law claims. *Chicken Ranch Rancheria v. California*, 65 F.4th 1145, 1148 (9th Cir. 2023). In contrast, state law governing attorneys' fees applies to state law claims over which federal courts exercise diversity or supplemental jurisdiction. *Id.* at 1148–49; *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). When state law governs, the Ninth Circuit applies it to determine both the entitlement to and the method for calculating fees. *Mangold*, 67 F.3d at 1478–79.

The DTSA and CUTSA authorize awarding attorneys' fees to a prevailing defendant if a plaintiff brought the claim in bad faith. 18 U.S.C. § 1836(b)(3)(D); Cal. Civ. Code § 3426.4. CUTSA also authorizes awarding expert witness fees. Cal. Civ. Code § 3426.4. Under both federal and California law, the presumptive baseline for reasonable attorneys' fees is the "lodestar," which is the amount of reasonable hours worked multiplied by a reasonable rate. *City of Burlington v. Dague*, 505 U.S. 557, 559, 562 (1992); *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

### IV.   DISCUSSION

Defendants seek to recover $1,731,838.05 in attorneys' fees and $24,201 in expert fees incurred defending against Plaintiff's DTSA and CUTSA claims. Defendants argue that they are entitled to attorneys' fees from Plaintiff because Plaintiff purportedly brought its trade secret misappropriation claims in bad faith. The Court disagrees.

"While neither the DTSA nor the CUTSA define the term 'bad faith,' courts that have considered the issue have generally 'held that bad faith requires objective speciousness of the plaintiff's claim, as opposed to frivolousness, and subjective bad faith in bringing or maintaining the claim.'" *Workplace Techs. Rsch., Inc. v. Project Mgmt. Inst., Inc.*, 664 F. Supp. 3d 1142, 1158–59 (S.D. Cal. 2023) (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00065-RGK-ADS | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *United Auto Credit Corporation v. Jessica Stewart, et al* | | | |

*Direct Techs., Ltd. Liab. Co. v. Elec. Arts, Inc.*, 836 F.3d 1059, 1071 (9th Cir. 2016) (internal quotations omitted)); *see also FLIR Sys., Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1275 (2009) ("Although the Legislature has not defined 'bad faith,' our courts have developed a two-prong standard: (1) objective speciousness of the claim, and (2) subjective bad faith in bringing or maintaining the action, i.e., for an improper purpose."). The Court addresses each prong of this bad faith standard in turn.

### A.     Objective Speciousness

"Objective speciousness exists where the action superficially appears to have merit but there is a complete lack of evidence to support the claim." *Workplace Techs. Rsch., Inc.*, 664 F. Supp. 3d at 1159. A plaintiff's claims need not be frivolous to be objectively specious. *Direct Techs., Ltd. Liab. Co.*, 836 F.3d at 1071 (citing *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 95 Cal. App. 4th 1249, 1262 (2002)). A plaintiff's failure to prove required elements suffices to establish objective speciousness. *See, e.g., CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1112 (9th Cir. 2007) ("While there is no proof that [plaintiff]'s purported trade secrets are worthless, there is also no proof in the record that they are worth anything. This supports the conclusion that [plaintiff]'s claim was objectively specious."); *Computer Econ., Inc. v. Gartner Grp., Inc.*, 1999 WL 33178020, at *6 (S.D. Cal. Dec. 14, 1999) ("The Court therefore finds that [plaintiff]'s complete failure to provide evidence of trade secrets or misappropriation satisfies the objective speciousness requirement.").

The Court granted Defendants' Motion for Summary Judgment with respect to the DTSA and CUTSA claims based on Plaintiff's failure to demonstrate its thirty purported trade secrets (the "Alleged Trade Secrets") derived independent economic value from being secret. (*See* MSJ Order at 10–13.) To be a trade secret, the information at issue must have such independent economic value. *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d). Thus, a plaintiff who cannot make this showing has no trade secret on which to base a meritorious trade secret misappropriation claim. *Gemini*, 95 Cal. App. 4th at 1263.

In support of its trade secret misappropriation claims, Plaintiff asserted its Alleged Trade Secrets had economic value based on the presence of dealer grades and a list identifying specific dealers. However, it was "uncontested that Plaintiff's dealer grades are reevaluated monthly, and Plaintiff's own expert stated in her report that the relevant length of time for which the Alleged Trade Secrets are relevant is approximately three months." (MSJ Order at 11.) Additionally, there was "no dispute that the documents underlying the Alleged Trade Secrets were more than three months old" at the time of the alleged misappropriation and no evidence was introduced establishing that those documents otherwise maintained value from being secret. (*Id.* at 10–12.) As for the list identifying dealers, the Court was not persuaded the list had independent economic value as a trade secret because the identities of those dealers were readily ascertainable through public sources, such as third-party subscription websites and per Plaintiff's own public disclosure. (*Id.* at 12.) Accordingly, the Court found that Plaintiff failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-00065-RGK-ADS | Date | April 20, 2026 |
|---|---|---|---|
| Title | *United Auto Credit Corporation v. Jessica Stewart, et al* | | |

present evidence establishing its Alleged Trade Secrets constituted trade secrets under federal or California law.

In general, "California courts have found claims to be objectively specious when there is a complete lack of evidence to support the claim or when the claim of misappropriation has no economic value." *Direct Techs., LLC v. Electronic Art Inc*, 2014 WL 12591847, at *3 (C.D. Cal. Oct. 6, 2014) (citing *FLIR Systems, Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1276 (2009); *Gemini*, 95 Cal. App. 4th at 1263)). Here, Plaintiff failed to provide evidence to support the claim that the allegedly misappropriated trade secrets derived independent economic value from being secret. As such, the Court finds that Plaintiff's claims were objectively specious.

### B.      Subjective Bad Faith

"Subjective bad faith under [CUTSA] 'means the action was commenced or continued for an improper purpose, such as harassment, delay, or to thwart competition.'" *Workplace Techs. Rsch.*, 664 F. Supp. 3d at 1160 (citing *SASCO v. Rosendin Elec., Inc.*, 207 Cal. App. 4th 837, 847 (2012)). In general, "[a] subjective state of mind will rarely be susceptible of direct proof; usually the trial court will be required to infer it from circumstantial evidence." *Gemini*, 95 Cal. App. 4th at 1263. A court will not find subjective bad faith when "there is no evidence to suggest that [a plaintiff] brought the claim for an improper purpose such as to extort a settlement." *Direct Techs., Ltd. Liab. Co.*, 836 F.3d at 1071.

Here, even though Plaintiff's claims were objectively specious, the Court does not find that these claims were brought for "improper purpose[s,] such as harassment, delay, or to thwart competition." *SASCO*, 207 Cal. App. 4th at 847. There was no dispute that the former employees sent the dealer grade and dealer contact information to themselves when they left Plaintiff, nor was it disputed that this information had some value at some time. As such, Plaintiff brought its claims with legitimate concerns of misappropriation, even if those concerns were not sufficiently supported with evidence of the existence of a trade secret. Thus, the Court does not find Plaintiff brought or maintained its DTSA or CUTSA claims in subjective bad faith. Accordingly, Defendants are not entitled to the requested attorneys' fees.

### V.      CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Attorneys' Fees and Non-Taxable Costs.

JRE/gz